Action for partition by Mary J. Millspaugh against Dewitt Van Zandt, individually and as executor of the last will and testament of Abram B. Van Zandt, deceased, Myres Van Zandt and Catherine Van Zandt, his wife,. Abram P. Van Zandt, Anthony Doyle, and Joseph Millspaugh. Judgment for defendants, dismissing the complaint. Plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Lewis Hasbrouck*, for appellant. *William Vanamee*, for respondents.

DYKMAN, J. This is an action for the partition of real property, and is brought in disregard of a will which undertook to dispose of the property. Abram B. Van Zandt died seised and possessed of the premises in question in July, 1881, leaving a last will and testament, which was duly proved and admitted to probate in the following month. By his will, after some provisions unimportant here, the testator gave all the residue of his property, which included the farm in question, to his executors in trust for several purposes, and this, among others: "It is my desire and I hereby direct my said executors to hold my said farm for the purposes of the trust herein declared for and during the natural life of my said wife, unless before that time the sum of ninety dollars per acre can be realized therefor, or unless before that time, in the judgment of all my executors hereinafter named, or so many of them as shall be then surviving, it shall be deemed to be for the best interest of my said wife and children that the same should be sold at a less price; and, in each of the several cases above contemplated, I hereby authorize, direct, and empower my said executors to sell my said farm at public or private sale, and give to the purchaser or purchasers thereof good and sufficient deed or deeds of conveyance therefor." Another object and purpose of the trust was to apply certain income from this farm towards the support and maintenance of the wife of the testator, so long as she remained unmarried. Another provision of the will was this: "When the said farm shall be sold as hereinbefore provided, I direct my executors to convert all my estate into cash, and to divide the proceeds into such number of equal parts as will give one share to my wife, if then living. * * *" The executors executed the will, but never sold the farm. They applied the income to the support of the widow until her death, in March, 1886, and now the theory of the plaintiff upon which this action is prosecuted is that the power of the executors to sell the land has ceased, because the power of sale was not exercised during the lifetime of the widow. Our view is directly the reverse. The primary intention and purpose was plainly expressed, to place the title of the property in the executors, in trust, to be held by them for the benefit of his wife during her life, unless sold for $90 an acre, or for some other cause which they might deem sufficient, and on the death of the wife they were to convert the whole property into money, and make a division of the same among the devisees in the manner provided. It follows that the plaintiff has no title, and that the action cannot be maintained. The judgment should be affirmed, with costs.

---

PEOPLE *ex rel.* RYAN *v.* BLECKWENN, Treasurer.

(*Supreme Court, General Term, Second Department.* February 12, 1890.)

PUBLIC IMPROVEMENTS—CERTIFICATES—REDEMPTION.

   Under Laws N. Y. 1874, c. 326, which provides that improvement certificates issued thereunder shall at all times be receivable in payment of assessments for improvements made under the act, and that all moneys received in payment of assessments and on sales for non-payment shall be applied to the satisfaction of such certificates, the latter are receivable on redemption, by the owner of property, from a sale for non-payment of the assessments, to the amount due at the time of sale.

Appeal from special term, Kings county.

Petition by James Ryan for *mandamus*, to compel Frederick W. Bleckwenn, treasurer of Long Island City, to receive certain improvement certificates is-

sued under Laws N. Y. 1874, c. 326, in payment on redemption by petitioner from a sale of his property for non-payment of assessments for improvements made under the act. The petition was granted. The following was the opinion delivered at special term:

"CULLEN, J. While the mode of sale was governed by the act of 1886, the disposition of the funds arising upon the sale is prescribed by the original act of 1874, which provided for the improvement for which the assessment has been laid. By that act the moneys produced, either by the payment of the assessments or by the sale for an unpaid assessment, do not pass into the general treasury of the city, but are held as a separate and distinct fund, to be applied only to the satisfaction of the improvement certificates. By section 9 of the act it is provided that those certificates shall 'at all times' be receivable at par and interest in payment of the assessments. The language of the statute is very broad: 'Shall be receivable at all times' in payment of the assessments. I do not think the certificate on the sale is a substantially different thing from the assessment. The owner has a right to redeem within a given time, and until the expiration of the time for redemption is not divested of his property. The redemption is substantially a payment of the assessment, with the expenses of the sale and interest. I think, therefore, a payment in improvement certificates good; and no harm or loss can occur to the city if enough is paid in cash to defray the expenses of the sale, and the interest payable to the purchaser. This the petitioner is willing to do. To the extent of the amount due on the assessment for principal and interest accrued at the time of sale, the redemption, in my opinion, can be made in the certificates. Motion granted."

Defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

W. J. Foster, for appellant. John H. Kemble, for respondent.

DYKMAN, J. The order appealed from should be affirmed on the opinion of the court below, with $10 costs and disbursements. All concur.