PEOPLE *ex rel.* OAKLEY *v.* BLECKWENN, Treasurer.

*(Supreme Court, General Term, Second Department.* February 11, 1891.**)**

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—REDEMPTION OF LAND SOLD.

Laws N. Y. 1874, c. 326, as amended by Laws 1879, c. 501, authorized certain public improvements in Long Island City to be paid for by "improvement certificates," which were declared receivable in payment of assessments made for such improvements, and at the sales of land for the assessments. Laws N. Y. 1886, c. 656, provided that property sold for such assessments might be redeemed by paying to the city treasurer, for the use of the purchaser, the amount for which the property was sold. *Held,* that the "improvement certificates" were receivable in the redemption of land sold for such assessments.

Appeal from special term, Kings county.

Application by Rosalie Adele Oakley for *mandamus* to Frederick W. Bleckwenn, as treasurer and receiver of taxes of Long Island City, to accept improvement certificates in lieu of cash for the redemption of land sold for the non-payment of assessments. The writ was granted, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. J. Foster,* for appellant. *Hatch & Warren,* for respondent.

BARNARD, P. J. The legislature, by chapter 326, Laws 1874, authorized certain improvements in Long Island City, and a part of the scheme of the act was that the work should be paid for by improvement certificates. This act was amended by chapter 501, Laws 1879. These certificates were made receivable by the city in payment of the assessments against the property liable thereto. These certificates were also to be received at the sales of the land made for the assessments. By chapter 656, Laws 1886, a certificate was to be given to the purchaser of land for an assessment, and redemption was to be made by paying the treasurer, for the use of the purchaser, the sum mentioned in this certificate given upon the sale, with interest. The land in this case was sold, and a certificate given to the purchaser, J. Lyon Gardiner. The purchaser paid the assessment in the improvement certificates. The owners of the land tendered improvement certificates in the redemption of the land. Such certificates were refused by the city treasurer. The question, therefore, is whether improvement certificates must be taken for the "use of the purchaser." The question has been decided by this court in the case of the *People ex rel. Ryan* v. *Bleckwenn,* 8 N. Y. Supp. 638. The court was not unanimous, but we are constrained to follow the decision in the *Ryan Case,* as controlling upon the present one.

The order should therefore be affirmed, with costs.

---

OAKLEY *v.* GARDINER *et al.*

*(Supreme Court, General Term, Second Department.* February 11, 1891.**)**

Appeal from special term, Kings county.

Action by Rosalie Adele Oakley against J. Lyon Gardiner and others. There was a judgment for plaintiff, and defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. J. Foster,* for appellants. *Hatch & Warren,* for respondent.

BARNARD, P. J. This case is governed by the decision in the foregoing case. This is an action for an injunction to prevent the delivery of a deed for the premises sold for the assessment. The case rests upon the same construction of the statute as was presented by the case of *People* v. *Bleckwenn, ubi supra.* Judgment affirmed, with costs.